## W. R. TALLEY *v.* ARKANSAS-BEST FREIGHT SYSTEM, INC.

5-4544                                              426 S. W. 2d 164

Opinion delivered April 8, 1968

*Spears & Sloan,* for appellant.

*Harper, Young, Durden & Smith,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action brought by the appellant, W. R. Talley, for personal injuries and property damage sustained in a highway collision involving four vehicles, all headed north. At the close of Talley's proof the court directed a verdict in favor of the appellee, Arkansas-Best Freight System, Inc. For reversal Talley contends that his proof raised questions of fact for the jury.

Talley has brought up only his own testimony and that of a State police officer who reached the scene about ten minutes after the accident happened. As the officer's testimony added nothing of significance to Talley's own account, our statement of the facts is taken from Talley's version of the occurrence.

The accident happened at about 11:30 p.m. on a two-lane one-way overpass that is part of Interstate Highway 55 in Crittenden county. Basically, the accident was caused by the negligence of Charlie Sims, who had stopped his car in the righthand lane of traffic on the overpass, with his lights turned off.

The Arkansas-Best Freight truck, with Talley behind it, was approaching the overpass from the south, in the righthand lane, at about 50 or 55 miles an hour. The speed limit was 70. Talley, preparing to pass, pulled over into the lefthand lane and was trailing the truck in that position when the two vehicles entered the overpass.

After the truck passed the crest of the rise its headlights came downward and revealed the stationary Sims car. The truckdriver swerved to his left and succeeded in merely scraping the left rear part of the Sims car as he went past it. The truckdriver at once started to return to the righthand lane, but when he came to a stop his truck was still angling across the center line of the overpass, leaving the lefthand lane partly blocked.

Talley, too, had seen the Sims car when it appeared in the truck's headlights. He at once hit his brakes and succeeded in bringing his car to a stop about ten feet behind the ABF truck, without there having been any contact between the two. A few seconds later a fourth vehicle, also coming from the south, skidded into the rear end of Talley's car and knocked it against the ABF truck and the lefthand side of the overpass, causing the injuries to Talley and his car.

Talley charges the ABF driver with negligence in three particulars, but each charge may be answered in a few words.

First, Talley asserts that the truckdriver was traveling at an excessive speed. There are two flaws in this contention. One, there is no proof that the truckdriver's speed was excessive. Two, there was no causal connection between the speed of the vehicles and the ensuing collision between Talley's car and the fourth vehicle involved in the accident.

Secondly, Tally asserts that the ABF driver changed lanes without signaling his intention to do so. Even so, that omission was not the proximate cause of Talley's injuries. In fact, Talley testified that if the driver had given a lane-changing signal, ''I would still have hit my brakes just as I did.'' He went on to say that in his opinion the truckdriver did all he could to avoid the accident.

Thirdly, Talley asserts that the truckdriver was negligent in stopping his truck in such a manner as to obstruct the highway. The trouble is that Talley's complaint contained no such allegation of negligence, nor was there any request that the pleadings be amended to conform to the proof. Thus that issue was not before the

court when it granted ABF's motion for a directed verdict.

Affirmed.

FOGLEMAN, J., disqualified.

BYRD, J., concurs.